UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEVEN M. LARRABEE<br>3950 Shaw Drive<br>Tuscaloosa, AL 35404,<br><br>*Plaintiff,*<br><br>v.<br><br>RICHARD V. SPENCER<br>(in his official capacity as<br>Secretary of the Navy)<br>1000 Navy Pentagon<br>Washington, DC 20350-1000,<br><br>and<br><br>UNITED STATES,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:19-cv-654 |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
(Collateral Review of Unconstitutional Trial by Court-Martial)

## Introduction

1. This case challenges the constitutionality of the provisions of Article 2(a) of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 802(a), that authorize the court-martial of military retirees, even for offenses they commit after retirement.

## Jurisdiction

2. The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## Venue

3. Venue is proper in this District under 28 U.S.C. § 1391(e)(1).

1

**Parties**

4. Plaintiff retired as a staff sergeant in the U.S. Marine Corps in 2015. He lives at the address stated in the caption.

5. Defendants are Richard V. Spencer, in his official capacity as Secretary of the Navy, and the United States.

**Governing Constitutional, Statutory and Regulatory Provisions**

6. Article I, section 8, clause 14, of the Constitution grants to Congress the power "[t]o make rules for the government and regulation of the land and naval forces."

7. Article III, section 1, of the Constitution provides in pertinent part that "[t]he judges, both of the supreme and inferior courts, shall hold their offices during good behavior, and shall, at stated times, receive for their services, a compensation, which shall not be diminished during their continuance in office."

8. Article III, section 2, of the Constitution provides in pertinent part that "[t]he trial of all crimes, except in cases of impeachment, shall be by jury; and such trial shall be held in the state where the said crimes shall have been committed; but when not committed within any state, the trial shall be at such place or places as the Congress may be law have directed."

9. The Fifth Amendment provides in pertinent part that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in

the militia, when in actual service in time of war or public danger; . . . nor deprived of life, liberty, or property, without due process of law . . ."

10.  The Sixth Amendment provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed . . . ."

11.  Congress has provided in the UCMJ for the exercise of court-martial jurisdiction over, among others, "[r]etired members of a regular component of the armed forces who are entitled to pay," "[r]etired members of a reserve component who are receiving hospitalization from an armed force," and "[m]embers of the Fleet Reserve and Fleet Marine Corps Reserve." 10 U.S.C. §§ 802(a)(4)–(6).

12.  The structure and procedures of courts-martial are prescribed in the UCMJ and the *Manual for Courts-Martial, United States*, which is an Executive Order.

**Factual Allegations**

13.   On August 1, 2015, after 20 years of service in the Marine Corps, plaintiff retired and was transferred, at his request, to the Fleet Marine Corps Reserve.

14.  The Fleet Marine Corps Reserve is not a "reserve component" of the U.S. military, and is comprised exclusively of retired active-duty servicemembers.

15.  Members of the Fleet Marine Corps Reserve receive a pension called "retainer pay," but have no military duties unless and until they are recalled.

16.     As a member of the Fleet Marine Corps Reserve, plaintiff was, for all practical purposes, a civilian.

17.     At no time since August 1, 2015, has plaintiff been recalled or had any military duties.

18.     Not being on active duty, plaintiff was ineligible to serve as a member of a court-martial.

19.     On November 3, 2016, a general court-martial convicted plaintiff of one specification of sexual assault and one specification of indecent recording in violation of Articles 120 and 120c, UCMJ, 10 U.S.C. §§ 920 & 920c.

20.     Plaintiff's offenses occurred in November 2015—more than three months after he retired.

21.     Plaintiff's offenses were committed on private property in Japan and had no connection to either the armed forces or his status as a retiree.

22.     The military judge who presided at the court-martial was a Marine Corps lieutenant colonel.

23.     Sitting alone, the military judge sentenced plaintiff to eight years' confinement, a reprimand, and a dishonorable discharge.

24.     In accordance with a pretrial agreement, the officer who convened the court-martial (the "convening authority") disapproved plaintiff's reprimand, suspended all of the confinement in excess of 10 months, and (except for the dishonorable discharge) ordered the sentence executed.

25. The findings and sentence of the court-martial were subject to review as of right by the United States Navy-Marine Corps Court of Criminal Appeals ("the CCA"), the judges of which are military officers. Art. 66, UCMJ, 10 U.S.C. § 866.

26. Among the issues plaintiff raised before the CCA was whether Articles 2(a)(4) and 2(a)(6) of the UCMJ are unconstitutional insofar as they authorize the court-martial of military retirees, even for post-retirement offenses.

27. On November 28, 2017, the CCA affirmed the findings and sentence of the court-martial. *United States* v. *Larrabee*, No. 201700075, 2017 WL 5712245 (N-M. Ct. Crim. App. Nov. 28, 2017).

28. The CCA summarily rejected plaintiff's constitutional challenge on the basis of its earlier holding in *United States v. Dinger*, 76 M.J. 552, 557 (N-M. Ct. Crim. App. 2017), *aff'd on other grounds*, 77 M.J. 447 (C.A.A.F. 2018), *cert. denied*, 139 S. Ct. 492 (2018).

29. In *Dinger*, the CCA had held, as a matter of "first principles," that military retirees are constitutionally subject to court-martial because in theory they are subject to recall to active duty. 76 M.J. at 556–57.

30. Plaintiff sought discretionary review from the United States Court of Appeals for the Armed Forces ("CAAF") in accordance with Article 67(a)(3), UCMJ, 10 U.S.C. § 867(a)(3).

31. Plaintiff's petition for review raised three issues, one of which was whether the court-martial's exercise of jurisdiction was constitutional.

32. On March 20, 2018, CAAF granted plaintiff's petition for review, but only on one of the other issues he had presented. *United States* v. *Larrabee*, 77 M.J. 328 (C.A.A.F. 2018).

33. On August 22, 2018, CAAF summarily affirmed the decision of the CCA in light of its own intervening decision in *Dinger*. *United States* v. *Larrabee*, 78 M.J. 107 (C.A.A.F. 2018) (mem.).

34. On September 14, 2018, plaintiff filed a petition for a writ of certiorari in the Supreme Court of the United States that presented two questions: "1. Whether the Constitution permits the court-martial of a retired military servicemember," and "2. Whether, if so, the Constitution limits the jurisdiction of courts-martial in such cases to offenses that are related to the retiree's military status."

35. The Solicitor General opposed plaintiff's petition on several grounds.

36. One of the Solicitor General's grounds for opposing certiorari was that the Supreme Court lacked jurisdiction to review plaintiff's constitutional challenge because CAAF had not granted review on that issue.

37. The Solicitor General also opposed certiorari on the ground that, even if the Supreme Court had jurisdiction, plaintiff could raise his constitutional challenge through a collateral action in the Article III lower courts.

38. The Supreme Court denied certiorari without explanation on February 19, 2019. *Larrabee* v. *United States*, No. 18-306, 2019 WL 659792 (U.S. Feb. 19, 2019) (mem.).

39. Plaintiff has exhausted his UCMJ remedies.

40. Plaintiff has served his sentence with time off for good behavior.

41. Plaintiff is awaiting the execution of his dishonorable discharge.

42. The Board for Correction of Naval Records cannot set aside plaintiff's conviction as unconstitutional.

43. As a military retiree at both the time of the offenses and the time of trial, plaintiff was not part of the "land and naval forces" within the meaning of the Make Rules Clause of Article I of the Constitution.

44. Even if military retirees remain part of the "land and naval forces," plaintiff's case did not "aris[e] in the land or naval forces" within the meaning of the Grand Jury Indictment Clause of the Fifth Amendment.

45. At the time of the offenses, plaintiff had no military duties of any kind, had not been recalled from retirement, and was for all practical purposes a civilian.

46. The court-martial did not afford plaintiff a number of constitutional rights and protections he would have had if he had been tried in a federal district court and his intermediate appeal heard by an Article III court of appeals:

    a. The military judge who tried the case and the appellate military judges of the CCA lacked any term of office, much less life tenure;

    b. The civilian judges of CAAF lack life tenure;

    c. The military judge and the judges of both the CCA and CAAF had no protection against diminution in compensation;

    d. The UCMJ does not provide for indictment by grand jury;

  e.  The UCMJ does not require unanimous juries of 12 persons except in capital cases; and

  f.  The UCMJ does not provide for trial by randomly selected jurors reflecting a fair cross-section of the community.

  g.  The personnel who perform the function of the jury (known as "members") are personally selected by military commanders who are responsible for maintaining good order and discipline and are not required to be independent or impartial, so long as they are not the accuser.

## Cause of Action

47. The allegations set forth in ¶¶ 1–46 above are incorporated by reference herein.

48. Plaintiff's conviction violated the Constitution because the court-martial lacked jurisdiction over both him and his offenses: as a retiree, he was not part of the "land and naval forces" at the time of either the offenses or the trial, and the case did not "aris[e] in the land or naval forces" because the offenses had no connection to the armed forces.

49. Congress's extension of court-martial jurisdiction to military retirees exceeded its Article I authority and its power to authorize adjudication by a non-Article III military court, and deprived plaintiff of rights to which he was entitled under other provisions of the Constitution.

50. A criminal conviction adjudged by a court that lacks jurisdiction is null and void.

**Relief Requested**

Plaintiff prays that the Court enter a judgment—

(a) declaring his conviction unconstitutional and therefore null and void under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02;

(b) ordering defendants to set aside and expunge all record of his conviction and to restore all rights, privileges, and property of which he has been deprived as a result of the conviction; and

(c) granting such other and further relief as may in the circumstances be just and proper.

STEPHEN I. VLADECK
D.C. Bar No. 988509
(Application for Admission
*Pro Hac Vice* Pending)
727 E. Dean Keeton St.
Austin, TX 78705
(512) 475-9198
svladeck@law.utexas.edu

EUGENE R. FIDELL
D.C. Bar No. 112003
Feldesman Tucker Leifer Fidell LLP
1129 20th St., N.W., Suite 400
Washington, DC 20036
(202) 256-8675 (mobile)
efidell@ftlf.com

March 7, 2019

Serve:

Attorney General of the United States
United States Attorney for the District of Columbia
  (attn: Secretary to the Chief, Civil Division)
Hon. Richard V. Spencer, Secretary of the Navy